IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOANNE R. SCHEAFKOCKER,

    Plaintiff,                        No. CIV S-05-2002 DFL EFB PS

    vs.

COMMISSIONER OF INTERNAL REVENUE,

    Defendant.                   ORDER

_____/

        This action, in which plaintiff is proceeding pro se, was referred to the undersigned pursuant to Local Rule 72-302(c)(21).[1]  Pending before the court are various "motions" or "requests" filed by plaintiff.[2]

        Plaintiff's most recent filing appears to be a motion to enforce a subpoena ("Motion to Request Judicial Review of Plaintiff's File and Judicial Action on Prior Request for

---

[1] On August 29, 2006, the case was reassigned to the undersigned.

[2] The court notes that on June 21, 2006, Magistrate Judge Gregory G. Hollows issued findings and recommendations recommending that defendant's motion to dismiss be denied. The district judge has not yet issued an order either adopting or rejecting those findings and recommendations.  Should the district judge adopt those findings and recommendations, defendant should be ordered to serve and file an answer to plaintiff's complaint within thirty days of the district judge's order.

1

Subpoenaed Bank Records"), filed on September 26, 2006.  This seems to be a reprise of an earlier motion filed by plaintiff on April 26, 2006 ("Request for Immediate Court Order for Compliance to Subpoena for Records").  That request was denied by order dated May 3, 2006, wherein the court noted that the documents sent by plaintiff to National City Bank were not a subpoena(s).  The court directed plaintiff to refer to Fed. R. Civ. P. 45 and E. D. Cal. L. R. 45-250 for guidance in issuing and serving a subpoena.  To date, plaintiff has filed nothing with this court to evidence proper service of a subpoena on National City Bank.  Without evidence that plaintiff properly served the subpoena in question, the court cannot determine whether such subpoena should be enforced.  Accordingly, plaintiff's "Motion to Request Judicial Review" is DENIED.

The court also notes that plaintiff has filed other documents not yet addressed by any court order.  On May 11, 2006, plaintiff filed a "Request for Reconsideration and Reinstatement of Court Order for Immediate Compliance to Subpoena Records."  In this "request," plaintiff asks the court to reconsider its order dated May 3, 2006, and insists that she did in fact serve a "court-certified copy of subpoena to two (2) National City Bank CEO's on January 31, 2006 requesting vital documentation required to support above pending Federal Court Case.  Both letters were sent by certified Postal mail service."  The undersigned has reviewed the file and finds no evidence that plaintiff properly served subpoenas on any person or entity.  Again, without evidence that plaintiff properly served the subpoenas in question, the court cannot determine whether such subpoenas should be enforced.  Accordingly, plaintiff's "Request for Reconsideration" of the court order dated May 3, 2006, is DENIED.

On May 18, 2006, plaintiff filed a "Motion to Postpone Initial Court Hearing."  By this "motion," it appears that plaintiff sought to postpone the hearing on defendant's motion to dismiss.  That hearing, at which plaintiff appeared, took place on May 25, 2006.  Accordingly, plaintiff's "Motion to Postpone Initial Court Hearing" is DENIED as moot.

////

1  Finally, on October 2, 2006, plaintiff filed a "Clarification of Point in Motion." It
2 is not clear what plaintiff seeks to accomplish with this filing. Because this filing is not one
3 authorized by the civil or appellate procedural rules, it will be placed in the file and disregarded.
4 If plaintiff wishes to amend the complaint, the court directs plaintiff to refer to Fed. R. Civ. P.
5 15(a) and E. D. Cal. L. R. 15-220.
6  IT IS SO ORDERED.
7 DATED: November 15, 2006.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE